ALBERT NORMAN PIERRE, SR.                                    CIVIL ACTION

VERSUS                                                       NO. 16-1336

DARREL VANNOY                                                SECTION "A"(2)

## ORDER AND REASONS

The Court, after considering the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation, hereby approves and adopts the Report and Recommendation in all respects except that this Court is persuaded that the conviction for aggravated rape constitutes a violation of Albert Norman Pierre, Sr.'s right to due process under federal law, and that Petitioner is entitled to relief.[1]

The Court agrees with the magistrate judge's conclusion that the new evidence discussed in the opinion would likely produce an acquittal in this case because of its devastating effect as to the victim's credibility. There were no eyewitnesses or physical evidence of the sexual abuse of C.C. for which Pierre was convicted so her credibility as the victim was a central issue at trial. And it has now been revealed that the victim, C.C., testified falsely at trial on direct examination when asked whether she had been sexually active "other than the things" that Pierre had done to her.[2] The state court judge who presided over the

_____

[1] Pierre advises that he waives any objection to all aspects of his application except the one claim that the magistrate judge found to have merit potentially (Rec. Doc. 19), *i.e.*, the third component of Pierre's first ground for relief, that he was denied due process when the Louisiana Supreme Court reversed the state trial court's order that vacated his conviction and sentence and granted him a new trial.

[2] State Rec. Vol. 3 of 7, Tr. Trans. at 522; State Rec. Vol. 7 of 7, PC Hrg. Trans. at 155:

Q.   "Had anyone ever asked you directly whether Michael Percle was abusing you during either the

four day trial, and therefore had the benefit of observing first-hand all of the witnesses' testimony and the State's evidence, was so troubled by the evidence presented at the post-conviction hearing that it persuaded him that Pierre had satisfied the extraordinarily high actual innocence standard, which all parties now readily agree was not satisfied. The Louisiana Supreme Court reversed the trial court because even assuming that free-standing claims of actual innocence not based on DNA evidence are cognizable in state post-conviction proceedings under Louisiana Code of Criminal Procedure article 930.3, Pierre could not satisfy that extraordinarily high standard. *State v. Pierre*, 125 So. 3d 403, 409 (La. 2013). That question of state law is not before this Court.

What is before this Court is whether allowing Pierre's conviction to stand results in an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). In particular, whether Pierre was denied due process because his conviction rests in part—to what extent no one will ever know—on material testimony now known to be false.[3] This Court is persuaded that Pierre's conviction

---

preparation for the trial or during the trial itself?"
A. "Yes."
Q. "And what did you say?"
A. "No."

That the issue was material cannot be gainsaid. C.C.'s testimony against Pierre was bolstered and made more credible by the fact that it was "textbook" for child sexual abuse cases, and that her description of Pierre's behavior toward her hit on all of the classic indicators for child sexual abuse. The prosecutor explained this at the post-conviction hearing when refuting the suggestion that the case did not turn on C.C.'s allegations alone. (State Rec. Vol. 7 of 7, PC Hrg. Trans. at 71). Of course, the State's contentions regarding C.C.'s classic abuse allegations vis à vis Pierre's guilt is eviscerated by the fact that we now know that C.C. was being sexually abused by someone else, in near like manner, in the same time frame that she claimed that Norman was abusing her.

[3] Undoubtedly the state trial court was also troubled by the evidence presented at the post-conviction hearing of a false accusation of rape that C.C. made against a teenage boy, B.B., in 2009. This false accusation occurred, however, after Pierre's criminal trial in June 2008, which means that this particular incident could not have contributed to any due process issues with Pierre's trial. Nonetheless, C.C.'s explanation for fabricating the accusation was stunningly cavalier and indicative of a complete lack of concern for the consequences of falsely accusing someone of a sexual crime.

and life sentence rest on evidence that resulted in a fundamentally unfair trial in violation of Pierre's due process rights, this notwithstanding that there is no evidence to suggest that the State (or anyone whose knowledge was imputable to the State) knew that C.C. was offering false testimony at trial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**. The judgment of conviction and sentence in the case State of Louisiana v. Albert Norman Pierre, Parish of Terrebonne, 32nd Judicial District Court, No. 503,180, is **VACATED AND SET ASIDE**. The Respondent shall release Albert Norman Pierre, Sr. from custody and discharge him from all adverse consequences of the aforementioned conviction unless Petitioner is brought to retrial within 120 days of the entry of this Court's judgment.

May 22, 2017

_____
UNITED STATES DISTRICT COURT

---

Additionally, the state trial court had to be perplexed at the State's lack of interest in pursuing criminal charges against Percle, whom C.C. accused of the exact same crime, in the very same time frame, that she accused Pierre. The Court recognizes that there may be various reasons why the State declines to pursue a case but as Detective Daigle testified at the post-conviction hearing, he interviewed C.C. regarding the serious allegations against Percle and he perceived credibility issues with C.C. (State Rec. Vol. 7 of 7, PC Hrg. Trans. at 78).