UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT NORMAN PIERRE, SR.        CIVIL ACTION

VERSUS                            NO. 16-1336

DARREL VANNOY                     SECTION "A"(2)

**ORDER**

On May 23, 2017, the Court issued a judgment in favor of Petitioner Albert Norman Pierre, Sr. granting him a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court vacated the judgment of conviction and sentence and ordered that Albert Norman Pierre, Sr. be released from custody unless the State retried him within 120 days of the entry of this Court's judgment. (Rec. Doc. 21).

The State has filed a Motion to Stay (Rec. Doc. 31) the execution of the judgment pending its appeal. The State contends that the four factors identified in *Hilton v. Braunskill*, 481 U.S. 770 (1987), militate in favor of maintaining Pierre in custody until the Fifth Circuit considers the State's appeal. In particular, the State stresses its belief that it will prevail on appeal. Pierre meanwhile has filed a Motion for Release on Personal Recognizance (Rec. Docs. 34 & 36).

The State's request for a stay pending appeal is denied. The writ that the Court granted is a conditional one because Pierre will be retried on the same indictment. The state criminal justice system may therefore detain Pierre on the underlying indictment in the same manner that he was subject to detention before his conviction, and the state court may impose whatever conditions it believes necessary to secure Pierre's presence for trial. What the State cannot do, however, is rely upon the now vacated conviction as

a basis for denying bond, whether actually or constructively.[1]

As to the Respondent's treatment of the *Hilton* factors, the Court finds no merit whatsoever to the contention that Pierre presents a potential danger to the public. Pierre's prior criminal history belies that assertion, and the Court notes that Pierre was not a young man when he was charged in this case. Further, the Court has reviewed the record on file from the criminal case and the argument pertaining to other inappropriate incidents with minor children is greatly overstated.

In sum, the Court is not persuaded that the State has overcome the presumption of release implicit in Federal Rule of Appellate Procedure 23(c), insofar as the State seeks a stay from this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Stay (Rec. Doc. 31)** filed by Respondent is **DENIED**. The **Motion for Release on Personal Recognizance (Rec. Docs. 34 & 36)** filed by Petitioner is **DENIED** as moot.

July 25, 2017

_____
UNITED STATES DISTRICT COURT

---

[1] It is the Court's understanding that Pierre was released on a bond of $200,000 pending his original trial.